IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCES GONZALES ARREDONDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1934-P-BN |
| | § | |
| CRUZ SYLVA TORRES, JR., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. For the reasons stated herein, the complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**Background**

Plaintiff filed the instant complaint on May 28, 2014. He was granted leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. On preliminary review of the complaint, the Court was not able to determine the nature of Plaintiff's claims against Defendant or the nature of the relief he sought. A questionnaire was issued to Plaintiff in an effort to flesh out the facts underlying his complaint. *See* Dkt. No. 7. On June 10, 2014, the questionnaire and the Court's order granting Plaintiff leave to proceed *in forma pauperis* were returned to the Clerk of Court as undeliverable. *See* Dkt No. 8. Stamped on the front of the envelope are the words "RETURN TO SENDER ... NOT DELIVERABLE AS ADDRESSED ... UNABLE TO

FORWARD." *See* id. Review of the docket sheet reveals that Plaintiff has failed to provide the Court with his current address.

## Legal Standards and Analysis

A district court has authority to dismiss a case *sua sponte* for want of prosecution. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff's current address and his answers to the Court's questions are necessary for this case to continue. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to update the Court with his current address. Dismissal is warranted under these circumstances. *See Hall v. Ellis County Jail*, No. 3:01-cv-566-M, 2001 WL 770996, at *1 (N.D. Tex. June 28, 2001) (dismissing for want of prosecution where an order was returned to the court because plaintiff had not advised the court of his current address (citing *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988))).

## Recommendation

Because Plaintiff's address is unknown, the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

If Plaintiff updates his address within 14 days of the date of this recommendation, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 3, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-3-