IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCES GONZALES ARREDONDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-1934-P-BN |
| | § | |
| CRUZ SYLVA TORRES, JR., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

This is a civil action brought by Frances Gonzales Arredondo, appearing *pro se*, against the Dallas County District Attorney's Office, the State of Texas, and Cruz Sylvia Torres, Jr. On May 28, 2014, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The Court sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. Plaintiff submitted an amended complaint on August 8, 2014 and answered the interrogatories

on August 22, 2014.

In his amended complaint, Plaintiff states:

A motion of appeal to deny the motion order to open case. Uniform commercial code compliance as well as between public and private law of dispute law governing the contract methods of resolution and their citizens. Being that my alienated and civil rights have been denied depriving the safety of my well being, protection by the law and any right to privacy home and family. A tort law is the process by which a criminal act is a problem when I am an American citizen.

Dkt. No. 14. His partial response to the Court's questionnaire does not further elucidate the basis of his lawsuit, the relief he seeks, or the wrongdoing alleged against the defendants. *See* Dkt. No. 15.

The undersigned now concludes that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category

encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

Plaintiff does not present a logical set of facts to support any claim for relief. His complaint contains unintelligible allegations that appear to be wholly based on a delusional or fanciful scenario. Dismissal is warranted under these circumstances. *See Kolocotronis v. Club of Rome*, 109 F.3d 767 (table), 1997 WL 115260, at *1 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world); *accord Denton*, 504 U.S. at 32-33; *Neitzke*, 490 U.S. at 326-28.

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE